IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID SEXTON,<br><br>     Plaintiff,<br><br>v.<br><br>POULSEN and SKOUSEN P.C., et al.,<br><br>     Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFF'S EXPEDITED DISCOVERY MOTION<br><br>Case No. 2:17-cv-1008 JNP<br><br>District Judge Jill Parrish<br><br>Magistrate Judge Brooke Wells |

This matter is referred to the undersigned in accordance with 28 U.S.C. 636(b)(1)(A).[1] Before the court is Plaintiff's Motion to Expedite Motion for Discovery.[2] The court initially heard argument on Plaintiff's motion May 4, 2018.[3] At the conclusion of that hearing the court ordered Defendants to file supplemental responses to Plaintiff's discovery requests. They were to be made "in a full and adequate way and not solely rely on [D]efendants interpretation of what is a debt under the FDCPA."[4] After supplementing the responses counsel were instructed to meet and confer regarding the updated discovery responses.

A second hearing was held on June 14, 2018.[5] Plaintiff continued to complain about Defendants discovery responses and the court took the matter under advisement. After the court took the matter under advisement, Defendant filed its second supplemental responses to the discovery requests.[6] Having considered the motion further, the discovery requests, the

---

[1] ECF No. 18.

[2] ECF No. 25.

[3] ECF No. 32.

[4] *Id.*

[5] ECF No. 37.

[6] ECF No. 38.

supplemental responses filed after both hearings and the parties' conduct the court will grant the motion in part awarding partial attorney fees under Rule 37. In addition Plaintiff is ordered to redraft some of the discovery requests.

BACKGROUND

This matter arises from alleged violations of the Fair Debt Collection Practices Act (FDCPA)[7] and the Utah Consumer Sales Practices Act (UCSPA).[8] Plaintiff Mr. Sexton and Defendant Evergreen Village entered into a lease agreement for a mobile home. Unfortunately the parties from that point on did not live happily ever after. Rather, according to Defendants, Mr. Sexton violated some of the rules within the mobile home park including the failure to control his dog. Perhaps in an attempt to audition for the part of Cujo, this dog mauled another dog and then attacked a meter reader. Mr. Sexton claims the dog was not his. Defendants, however, filed suit in state court where a judgment was obtained and a writ of execution was entered. The state court denied a motion to set aside the judgment and the parties reached an oral settlement agreement to sell the mobile home.

Once again the parties' best laid plans for a happy ending vanished. Defendants allege Mr. Sexton violated the agreement by trying to sell the home to someone who was going to remove it from the community. The constable was called and the police came to halt the sale.

Mr. Sexton subsequently filed suit in federal court. In his Complaint Mr. Sexton alleges he did not own the Cujo-esque dog,[9] Defendants knowingly made false and deceptive representations in the state court case,[10] kicked Mr. Sexton out of his home,[11] changed the locks,

---

[7] 15 U.S.C. § 1692, *et seq.*

[8] Utah Code Ann. § 13-11-1 *et seq.*

[9] Complaint ¶ 32.

[10] *Id.* ¶ 36.

[11] *Id.* ¶ 45.

and failed to account for Mr. Sexton's exempt property. These actions, among others, allegedly violated the FDCPA and the UCSPA. The instant dispute centers on Plaintiff's discovery requests and Defendants' responses.

ANALYSIS

The Federal Rules of Civil Procedure govern discovery in federal civil actions. Federal district courts have broad discretion over discovery.[12] Rule 26 provides that parties

> may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[13]

Information within the scope of discovery need not be admissible in evidence at trial to be discoverable.[14] Under Rule 26(c), a court on its own, or via motion, may limit discovery.[15] Such limitations help prevent discovery that is unreasonably cumulative or duplicative and encourages parties to obtain discovery from convenient less burdensome inexpensive sources.[16]

I. **Plaintiff's Discovery Motion**

Plaintiff argues Defendants improperly relied on their interpretation of the FDCPA in refusing to produce documents, or in providing insufficient responses to the discovery requests. Defendants claimed they did not attempt to collect a debt and did not have communications as defined by the FDCPA. In its motion Plaintiff makes specific reference to requests for production numbers 15, 21, 22, 24 and interrogatories 1, 3, 4, 5 6, 7, 8, 9 and 10. Plaintiff also

---

[12] *See Morales v. E.D. Etnyre & Co.*, 229 F.R.D. 661, 662 (D.N.M. 2005) (citing cases).

[13] Fed. R. Civ. P. 26(b) (2018).

[14] *See id.*.

[15] Fed. R. Civ. P. 26(c) (A court may issue a protective order "for good cause ... to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").

[16] *See id.*

takes issue with certain requests for admission including numbers 11, 13, 15 31, 32, 33, 36, 37 and 41. Plaintiff seeks sanctions for the lack of "proper responsive answers to discovery"[17] including fees, striking Defendants' Answer and deeming the disputed requests for admission admitted. Although the court finds some sanctions are warranted, under the *Ehrenhaus* factors,[18] the severe sanctions sought by Plaintiff are not appropriate at this time.

### A. Requests for Production

Plaintiff takes issue with Defendants responses to certain requests for production (RFP). During the follow up hearing on Plaintiff's motion, defense counsel went through the requests and the corresponding answers found in its supplemental responses. Following the second hearing, Defendants provided a second supplement to their discovery responses.

**(i) RFP Number 9**

Plaintiff's RFP number 9 states "Produce each and every document you contend you provided to the Plaintiff and his attorney with the amount needed to fully pay the debt you were attempting to collect."[19] Defendants' initial response highlights the parties' disagreement over the legal definition of "debt." "INITIAL RESPONSE: Poulsen and Skousen, P.C. did not attempt to collect a "debt," as defined by 15 U.S. Code §1692a, regarding David Sexton, and therefore there are no such documents." Following the first hearing Defendants filed the following supplemental response:

> SUPPLEMENTAL RESPONSE: The Request was for documents pertaining to a "debt" collection. As has been explained, there was no debt collection. There was a judicial action brought against David Sexton, Utah Second District Court case # 170902842 EV. Defendant has already provided certain documents regarding Utah District Court case # 170902842 EV, and Defendant provides the remainder

---

[17] Mtn p. 6, ECF No. 25.

[18] *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992); *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2004) (applying the *Erenhaus* factors to dismissal under Rule 41(b)).

[19] Supplemental responses p. 3, ECF No. 36-1.

of pertinent pleadings from that case, attached hereto. In addition, as has been
stated, the Writ of Execution seized the home, prohibiting Sexton from selling the
home. On and before July 28, 2017, Evergreen, through its attorney, and Sexton,
through his attorney, orally agreed that the mobile home in question could be
sold, based upon the following: 1) the mobile home was to remain in Plaintiff's
community; 2) The mobile home would only be sold to an independent person
that could qualify to lease the lot in Plaintiff's community, upon which the mobile
home was occupying; 3) Both parties would have to agree to a particular sale; 4)
The parties would agree to how much of the sales proceeds would go to each
party); and, 5) Sexton would pay on going lot rent and utilities to Plaintiff during
the time before the home is sold. Sexton violated the terms of the agreement, by
attempting to sell the home to an individual who wanted to move the mobile home
from Plaintiff's community. Also, there was no notice to Plaintiff of this potential
sale, and there was no commitment for the mobile home to remain in the
community. In addition, there was no application filed for renting the lot, and
there was no agreement about how monies from the sale should be divided.
Plaintiff only learned of this potential sale when the potential purchaser of the
home started tearing the home down for transport. Obviously, Sexton violated the
stipulations of the agreement, and accordingly, a payoff could not be given.
Accordingly, there were not, and could not have been, documents provided
regarding a payoff.[20]

Although the supplemental response clearly offers more detail, the court finds it is argumentative as alleged by Plaintiff. However, Plaintiff is not entirely without fault. The RFP could have provided more detail, a definition of Plaintiff's interpretation of debt under the FDCPA or even a qualifier like debt "as alleged by Plaintiff." Moreover, if the parties had genuinely engaged in an in person meet and confer, rather than the all too common coy email where parties object to responses without both sides genuinely trying to work things out, much of the discovery problems could have been resolved.

After the second hearing on Plaintiff's motion, Defendants provided a second supplemental response as follows:

> SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION
> OF DOCUMENTS #9: Poulsen and Skousen, P.C., and Robert Poulsen have
> never stated that an amount was provided to Plaintiff or Plaintiff's attorney with a
> payoff amount, and so there are no documents responsive to this request.

---

[20] *Id.* p. 4-5.

Plaintiff's attempted payment was to be made using funds from an attempted improper sale of the mobile home. The attempted sale violated:

A. The stipulation of the parties, in the state case;

B. The seizure of the property by the Writ of Execution; and,

C. If it was a proper sale (which it was not), then the claimed homestead exemption would have rendered any monies received by Sexton as not being payable to Evergreen.

Accordingly, a payoff amount could not be given.

Nevertheless, David Sexton improperly attempted to obtain a payoff amount. Documents which address the improper attempt are: Writ of Execution, Request for Hearing on Writ of Execution and Declaration of Homestead, Objection to Motion for Satisfaction of Judgment, and Objection to Proposed Order Staying Execution of Judgment. The documents have been previously provided in response to these, or other, requests for discovery.[21]

The court finds the second supplemental response much more sufficient than the initial responses. The response is not argumentative and adequately answers the request under the Federal Rules. Thus there is no need for further supplementation.

(ii)    **Other RFPs**

In similar fashion, the other Second Supplemental responses are adequate and less argumentative than the initial two responses. In short, they comply with the requirements found in Rule 26. For example RFP # 15 provides:

REQUEST FOR PRODUCTION OF DOCUMENTS # 15: Produce each and every document pertaining to your denial of paragraph 24 of the Complaint. SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS #15: Please see the Order of Restitution and Writ of Execution, already provided.[22]

And RFP #20 states:

---

[21] Second Supplemental Response p. 1-2, ECF No. 38.

[22] *Id.* p. 2.

REQUEST FOR PRODUCTION OF DOCUMENTS # 20: Produce each and
every document pertaining to your denial of paragraph 80 of the Complaint.
SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION
OF DOCUMENTS #20: Please see: Request for Hearing on Writ of Execution
and Declaration of Homestead; Writ of Execution; Objection to Motion for
Satisfaction of Judgment; and Objection to Proposed Order Staying Execution of
Judgment. The documents have been previously provided in response to these, or
other, requests for discovery.[23]

Based upon the improved responses the court will not order further supplementation or sanctions other than as set forth below.

### B. Interrogatories

Similar to any question in a deposition or at trial, an interrogatory must have a proper form. A party may object to an interrogatory for a variety of reasons such as being unduly vague, compound, argumentative, overly broad or that an interrogatory is based on a premise which is false.[24]

Once again the parties engaged in a similar storyline in interrogatories and responses as they did in RFPs. Interrogatory number 1 and its responses are as follows:

INTERROGATORY REQUEST #1: Identify each and every occurrence in which
you participated in any way in the events at issue in this case.

INITIAL RESPONSE: Poulsen and Skousen, P.C. objects to this Interrogatory as
being irrelevant, overly broad, and vague.

SUPPLEMENTAL RESPONSE: Even though the interrogatory is in fact
irrelevant, overly broad, and vague, Poulsen and Skousen, P.C. participated in the
case, for legal matters, from the initial preparation of the Notice of Lease
Termination For Endangerment, up until David Sexton's federal lawsuit was
commenced. Please see attached documents and other answers for the scope of
that legal representation.[25]

SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY REQUEST
#1:

---

[23] *Id.* p. 3.

[24] *See* Objections available—Form, 3 Bus. & Com. Litig. Fed. Cts. § 27:28 (4th ed.).

[25] Supplemental Response p. 8.

> Each and every known occurrence in which Poulsen and Skousen, P.C. participated in any way in the events at issue in this case, and the dates of such events, are as revealed in Requests for Production of Documents, and Responses, Interrogatories, and Responses, and Requests for Admission, and Responses.[26]

The court finds that taken together, Defendants Supplemental Response and Second Supplemental Response finally answered Interrogatory number 1 in accordance with the standards set forth in the Federal Rules.

The court has reviewed the other disputed Interrogatory responses and finds that Defendants eventually met their discovery duties under the Federal Rules via the second supplemental responses. Once again, confusion, motion practice and hostility among the parties could have been avoided by a proper meet and confer. For example, Plaintiff's Interrogatory Request number 5 states, "You denied paragraph 24 of the Complaint. Identify each and every reason for that denial including identification of each and every fact, document, electronically stored information, witness, and other tangible things that support your denial."[27] During oral argument Plaintiff's counsel complained that Defendants provided responses that were too detailed, however, the nature of asking for "each and every reason for that denial" invites long and lengthy answers. Thus, Plaintiff is not without fault in this discovery dispute.

**C. Requests for Admission**

In response to Defendants' arguments during the second hearing on this discovery dispute, Plaintiff's counsel noted the problems with various Requests for Admission (RFA). Inherent in the parties' dispute regarding RFAs are the same disagreements about the term debt as used in the FDCPA and a failure by Plaintiff to adequately articulate its definition of debt. As

---

[26] Second Supplemental Response p. 3.

[27] Second Supplemental Response p. 4.

noted above, a more thorough meet and confer could have in the courts view helped alleviate the parties' disagreements over the RFAs.

In its Second Supplemental Response Defendants explained,

> Plaintiff has not provided any specific objections to Defendant's most recent responses to Requests for Admission, except for a vague threat in the second to last paragraph of Plaintiff's June 7, 2018 email. Furthermore, at the most recent hearing, the court addressed one of Plaintiff's mis-worded Request for Admission and resolved such. Furthermore, Plaintiff re-worded some of his Requests for Admission to Robert Poulsen, and Robert Poulsen was able to more fully respond to the better-worded requests, which have already been provided to Plaintiff, which would be the same responses if asked to Poulsen and Skousen, P.C.[28]

The court adopts Defendants proposal and ORDERS the parties to further meet and confer regarding the RFAs. During oral argument at the second hearing Plaintiff's counsel stated that he cannot provide answers like Defendants gave to the RFAs to a jury because they contain arguments. The court is concerned, that as currently drafted, many of Plaintiff's RFAs are left open for interpretation and would allow Plaintiff to improperly confuse a jury and attribute fault where there may be none. As such, Plaintiff is ORDERED to redraft them in a more precise manner. The court is convinced by what transpired during the second hearing, that the parties can resolve the disputes centered around the RFAs if they cooperate together to mutually understand what is being asked.

## II. Sanctions

As noted above, the court finds the severe sanctions sought by Plaintiff are not warranted under the *Ehrenhaus* factors.[29] Under Rule 37, however, the court will award Plaintiff attorney fees and costs for one half of that incurred for bringing the discovery motion, time spent in court on the motion and for time spent in responding to Defendants' discovery responses. Rule 37

---

[28] Second Supplemental Response p. 7.

[29] *See Ehrenhaus v. Reynolds*, 965 F.2d at 920-21.

provides that evasive or incomplete disclosures, answers or responses are grounds for entering discovery sanctions.[30] Although Defendants finally adequately answered the RFPs and Interrogatory discovery requests, this did not come until after Plaintiff's motion, two court hearings and court orders to supplement responses. The court declines to award Plaintiff full attorney fees and costs because the discovery requests could have been more precisely drafted. Plaintiff is to file an affidavit regarding attorney fees and costs within fourteen (14) days from the date of this order. Defendants may file a response, *if necessary*, within seven (7) days after it is filed.

The court FURTHER ORDERS the parties to meet and confer IN PERSON regarding any further disputes about the RFAs. Finally, the court ORDERS the parties to confer and submit to the court a proposed amended schedule that allows for any further necessary discovery.

ORDER

IT IS HEREBY ORDERED that Plaintiff's Expedited Discovery Motion is GRANTED IN PART.

DATED this 6 July 2018.

Brooke C. Wells
United States Magistrate Judge

---

[30] Fed. R. Civ. P. 37(a)(4).